UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                                                                    CASE NO.: 18-17589-AJC
                                                                                          CHAPTER 7

VIOLETTE BLANC
AKA VIOLETTE SAINT VIL
Debtor,
_____/

**DEBTOR'S REPLY TO CREDITOR'S
OBJECTION & RESPONSE TO MOTION TO CONVERT**

Debtor Violette Blanc replies to Creditor Dodge Enterprises, Inc.'s (the "Creditor") Objection and Response [D.E. 29] to Debtor's Motion to Convert [D.E. 21] as follows:

1. The Creditor's Objection cites to no authority, whether in the case law or bankruptcy code, to support denying the Debtor's request to convert from Chapter 7 to Chapter 13.

2. Additionally, the Creditor makes unsupported assumptions in its Objection as to Debtor's ability to complete a Chapter 13 plan. Because the Debtor has been deprived of transportation due to the seizure of her vehicle, she is currently incurring excessive transportation expenses of $720 per month, as shown on line 12 of Schedule J to her petition. Public transportation is not available to serve her needs and she is obliged to use Uber to get to her employment. If her vehicle is recovered, her transportation charges will drop significantly permitting a feasible Chapter 13 plan.

3. If conversion to Chapter 13 is granted, the Debtor will amend her schedules to assert an exemption in the vehicle pursuant to Fla. Stat. § 222.25, and to show her reduced transportation expense. Statutory exemptions "must be strictly construed in favor of the debtor."

*Marquez v. BlueCare Home Health Serv., Inc.,* 116 So. 3d 563,565 (Fla. 3d DCA 2013). Debtor may avoid any judgment lien to the extent it impairs her exempt property. *In re Mootosammy*, 387 B.R. 291, 295 (M.D. Fla. 2008). The Creditor has only an unsecured claim as to the avoided portion of its lien. *Id.* at 299.

4. Debtor further agrees to the Creditor's $4,106.00 valuation of the vehicle [D.E. 17], which will be treated in the plan if conversion is permitted.

5. Moreover, the Creditor did not become a lien holder by virtue of the Sheriff having levied upon the Debtor's vehicle, and its reliance on Fla. Stat. § 319.27 is misplaced. Section 319.27 "does not provide for the recording of judgment liens on the face of the title certificate of a motor vehicle." *Johnson v. Livingston,* 65 So. 2d 744,746 (Fla. 1953). The statute was enacted to record only liens and encumbrances intended to operate as a mortgage, conditional sales contract, or similar instrument, and was not enacted to record judgments against the owner of the vehicle. 4A Fla. Jur. 2d, *Automobiles and Other Vehicles,* § 125.

Respectfully submitted,

LEGAL SERVICES OF GREATER MIAMI, INC.

/s/

Jacqueline C. Ledon
Florida Bar No.: 0022719
Attorney for Debtor
Address: 4343 West Flagler Street, Suite 100
Miami, FL 33134
Telephone/Fax: (305) 438-2401
Email: jledon@legalservicesmiami.org;
crodriguez@legalservicesmiami.org