## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:   Violette Blanc                                    Case No. 18-17589-AJC
                                                           Chapter 7

_____ Debtor _____ /

## DEBTOR'S MEMORANDUM OF LAW INSUPPORT OF RESPONSE IN OPPOSITION TO CREDITOR DODGE ENTERPRISES, INC.'S MOTION SEEKING STAY RELIEF

Debtor, Violette Blanc, files this memorandum of law in support of her Response in Opposition [D.E. 20] to Creditor Dodge Enterprises, Inc.'s Motion Seeking Relief from Automatic Stay [D.E. 17].

### Brief Background

At the August 14, 2018, hearing on the Creditor's Motion for Stay Relief, the Creditor asked the Court to condition denying stay relief on the Debtor's execution of a power of attorney authorizing the Creditor to place a lien on the Debtor's motor vehicle, a copy of which is attached as Exhibit A. Because this matter was not raised in the Creditor's Stay Relief Motion and presented to undersigned counsel just minutes before the hearing, the Court granted the parties an opportunity to brief the issues. The Court also continued the hearing on the Debtor's Motion to Convert from Chapter 7 to Chapter 13 [D.E. 21], to which the Creditor filed an Objection [D.E. 29] and the Debtor filed a Reply [D.E. 30]. Hearing on both motions is scheduled for August 16, 2018, at 11:00 a.m.

Prior to levying the car, the Creditor obtained a Judgment Lien Certificate against all personal property of the Debtor, a copy of which is attached as Exhibit B. On or about March 21, 2018, the Debtor's motor vehicle was levied by the Sheriff in execution of a final judgment entered in a state consumer debt collection case (Case No. 2005-23771-CC-23). In the

state action, the Debtor timely asserted the statutory exemptions that applied to her levied car. *See* D.E. 29, Exh. E. As indicated in the affidavit, the Debtor believed the value of the levied car was $12,666 per a Kelley Blue Book valuation. At this value, the Debtor could not afford to pay the Creditor the unexempt, secured value of the car in a Chapter 13 plan. Accordingly, the Debtor filed Chapter 7 bankruptcy on June 25, 2018, seeking a fresh start with her financial affairs. In its Stay Relief Motion, however, the Creditor valued the car at $4,106. Accepting the Creditor's valuation, and after applying her statutory exemptions, the Debtor is able to sustain an affordable Chapter 13 plan to save her car which is the sole reason for seeking conversion to Chapter 13 case and thus necessary for an effective reorganization[1].

This memorandum of law addresses the issue of why the Creditor is not entitled to have its judgment lien placed on the certificate of title of the Debtor's vehicle, and further, why such placement is not required to perfect its lien. Florida's Judgment Lien Statutes provide the sole statutory authority and requirements for the perfection and priority of judgment liens on personal property of a judgment debtor, including on motor vehicles. The Judgment Lien Statutes apply to all personal property except for a limited enumerated list of property to which such liens do not apply, and motor vehicles are not on the list of excluded property. As such, motor vehicles are squarely within the purview and authority of the Judgment Lien Statutes.

The Creditor has already perfected its judgment lien on the Debtor's personal property, including on her vehicle, by it filing a Judgment Lien Certificate with the Florida Department of State. No further action (such as placing its lien on the vehicle's title) is required, much less authorized, under the Judgment Lien Statutes to perfect Creditor's judgment lien.

---

[1] The only legal basis the Creditor cites for stay relief is that the car is not necessary to an effective reorganization. To the extent the Creditor also suggests it is not adequately protected, it would be premature to address this matter where a Chapter 13 plan has yet to be filed. In any case, the Debtor proffers that if converted, the Chapter 13 plan will provide adequate protection for the Creditor (or it will not be confirmed).

If the Creditor is permitted to place its lien on the title, this would improperly "de-prioritize" other judgment lien holders who would otherwise have lien priority over the Creditor. Further, the Creditor could unlawfully circumvent the Debtor's statutory right to claim exemptions in the value of her vehicle. Florida Statute section 319.27 provides no authority or entitlement to have the Creditor's judgment lien noted on the vehicle's certificate of title.

## ARGUMENT

I. **THE CREDITOR IS NOT ENTITLED TO HAVE ITS JUDGMENT LIEN PLACED ON THE FACE OF THE CERTIFICATE OF TITLE OF DEBTOR'S VEHICLE.**

A. Florida's Judgment Lien Statutes provide the sole statutory framework for perfecting and prioritizing judgment liens on personal property, including on motor vehicles, and do not authorize or require placing such liens on motor vehicle certificates of title.

Florida's Judgment Lien Statutes were created in 2001 by the Florida Legislature to "establish[] a statutory framework for *perfecting and prioritizing* claims of *judgment liens* on *personal property* . . . ." *See* H. Comm. on Governmental Operations Final Analysis, Bill #: CS/SB 1194, at 11, April 27, 2000 (emphasis added).[2] Since then, the only way to perfect a judgment lien on a judgment debtor's personal property without actually levying the property is for a judgment creditor to file a Judgment Lien Certificate with the Florida Department of State. *See* Fla. Stat. §§55.202(2)(a) and 55.205(1). Nothing more than filing a Judgment Lien Certificate is required in order to perfect a judgment lien on all the personal property of a judgment debtor subject to execution, including motor vehicles.

Florida's Judgment Lien Statutes undoubtedly govern the perfection and priority of liens on motor vehicles. These statutes specifically list four types of personal property to which the statutes do NOT apply:  1) fixtures, 2) money, 3) negotiable instruments, and 4) mortgages. *See*

---

[2] Florida's Judgment Lien Statutes were created effective October 1, 2001. *See*, 2000 Fla. Laws ch. 258.

Fla. Stat. §55.202(2). Notably, motor vehicles are not on this list of personal property excluded from the statutes' application. As such, it is clear that the Judgment Lien Statutes are the statutory framework for perfecting and prioritizing judgment liens on motor vehicles.

Further, the Judgment Lien Statutes state that when a judgment creditor files a Judgment Lien Certificate with the Florida Department of State, it acquires a lien on all of a judgment debtor's personal property. *See* Fla. Stat. §55.202(2)(a). No further actions are required by the judgment creditor. *See Id.* Importantly, nothing in the Judgment Lien Statutes requires, much less authorizes, a judgment creditor to have its judgment lien placed on a motor vehicle's certificate of title in order for the judgment lien to be perfected on a motor vehicle.

Using the statutory framework of the Judgment Lien Statutes, Creditor already perfected its judgment lien on all of Debtor's personal property, including her vehicle, by filing its Judgment Lien Certificate on November 3, 2017. The effective date and priority of its perfected judgment lien was established at the date and time it filed its Judgment Lien Certificate, and its priority among competing judgment liens was determined in order of the filing date and time. *See* Fla. Stat. §55.202(2)(c) and (3). As such, the Creditor's judgment lien was perfected, and its priority was already established, under the sole authority for perfecting and prioritizing judgment liens: Florida's Judgment Lien Statutes. Nothing more need nor may be done.

B. Placement of the Creditor's judgment lien on the vehicle's certificate of title circumvents Florida's Judgment Lien Statutes and Claim of Exemption statutes.

The Creditor is asking the court to order its judgment lien to be noted on the vehicle's certificate of title to circumvent the Judgment Lien Statutes. Adding the judgment lien to the face of the certificate of title is problematic for three reasons: i) the Creditor could improperly get paid prior to judgment creditors who prudently filed Judgment Lien Certificates before it

did,[3] ii) the Creditor could improperly get paid prior to judgment creditors who filed Judgment Lien Certificates after the Creditor did, but who should get paid first when the Creditor's lien lapses per statute, and iii) the Creditor could unlawfully circumvent Debtors statutory right to claim exemptions in her vehicle.

### i.   Creditor could improperly get paid prior to judgment creditors who prudently filed Judgment Lien Certificates before it did.

With its judgment lien on the face of the title, the Creditor can *repossess* and dispose of the vehicle pursuant to Florida's Uniform Commercial Code. [4] *See* Fla. Stat. §679.609(1)(a). It would not have to give any notice to holders of duly recorded judgment liens and would not have to pay any surplus to such judgment lienholders. *See* Fla. Stat. §679.611(3) and Fla. Stat.

---

[3] In this case, the Creditor happens to be the first judgment lienholder; however, this does not negate the fact that, as a general matter, prior judgment lienholders will be unlawfully "de-prioritzed" with respect to a vehicle if a later judgment lien holder is allowed to place its judgment lien the face of a vehicle's certificate of title.

[4] To collect, the Creditor with its lien directly on the title, and other entities like tow companies, may rely on Florida Statute section 679.609(1) (in Florida's Uniform Commercial Code) which states, "[a]fter default, a secured party[] may take possession of the collateral . . . ." Fla. Stat. 679.609(1). When the property is a consumer good, like a motor vehicle, the Creditor need not notify anyone other than the judgment debtor and any secondary obligor of the disposition sale of the vehicle. Fla. Stat. §679.611(3). In contrast, to collect its judgment, the Creditor must levy the motor vehicle pursuant to Florida's execution statutes in Chapter 56, Florida Statutes. To levy under Chapter 56, the Creditor is required to give an affidavit to the sheriff stating that it reviewed the Judgment Lien Database, and for each judgment lien indexed under the name of the judgment debtor as to each judgment creditor, give the name and contact information of such debtors and creditors, the amounts of money judgments due and the courts from which the judgments were entered, give information about any second judgment lien, and give the date of filing for each judgment lien certificate. *See* Fla. Stat. §56.27(4). Then, the Sheriff, "when levying upon real or personal property, [must send] notice of such levy and execution sale and a copy of the affidavit required by s. 56.27(4) [to all judgment creditors and other lienholders and their attorneys, if any] who have acquired a lien as provided in [the Judgment Lien Statutes and other statutes]." Fla. Stat. §56.21.

The Creditor may also improperly get paid funds from the value of the vehicle if the Debtor trades-in her vehicle for a new vehicle. Because the lien travels with the vehicle, the person who takes the vehicle subject to the lien would have to negotiate a lien release, or alternatively, the Debtor would receive a trade-in value improperly reduced by the amount of the lien absent her statutory exemptions.

§679.615. It is clear that if its judgment lien is placed on the vehicle's title, Creditor will obtain an unfair advantage in collection over prior judgment lienholders, which is unauthorized by the Judgment Lien Statutes.

> ii. *Creditor could improperly get paid prior to judgment creditors who filed Judgment Lien Certificates after Creditor did, but who should get paid first when Creditor's lien lapses per statute.*

The Creditor can improperly get paid, just as described above, in priority to judgment creditors who file Judgment Lien Certificates *after* it. This is significant due to the unique nature of judgment liens. The Judgment Lien Statutes mandate that judgment liens lapse after 5 years, and that judgment creditors must thereafter apply for a second judgment lien. *See* Fla. Stat. §55.204(3). The second judgment lien is not a continuation of the original judgment lien. *Id.* This means the judgment lienholder, the Creditor, loses its place in line after the lapse of its first 5-year judgment lien. The Creditor can then reestablish a place in line, but its place will be behind other judgment lienholders who filed Judgment Lien Certificates after the Creditor's first judgment lien, but before Creditor's second judgment lien. The second judgment lien also lapses after 5 years, and no further liens based on the original judgment may be acquired. *See* Fla. Stat. 55.204(3).

If the Creditor's judgment lien is placed on the certificate of title to Debtor's vehicle, its judgment lien will never lapse, and will "de-prioritize" subsequent judgment liens duly filed by other judgment creditors. Such scenario directly contravenes the Judgment Lien Statutes, which clearly mandate that judgment liens must lapse. Moreover, the legislature enacted these provisions for lapse in order to address the criticism of the former system of lien perfection where there would be an "accumulation of passive writ [of execution] holders who for whatever reason have been unsuccessful or have given up in finding any leviable property belonging to the

debtor." *See* H. Comm. Transp. & Econ. Dev. Appropriations Analysis, Bill #: CS/HB 1725, April 19, 2000 at 4.

In the same way, with its lien noted on the title, the Creditor can choose to be a passive lienholder while letting its judgment liens lapse. This undesirable scenario for the prudent levying judgment lienholder is highly likely to happen if liens are placed on vehicle titles on a mass scale because prior to levy, levying creditors are only required to review the Judgment Lien Database with the Florida Department of State to find other judgment lienholders. *See* Fla. Stat. §56.27(4)(a). Depending on whether there are unlapsed judgment liens listed in the database, a levying creditor may conclude that levy would be fruitful and decide to incur the expense of levying a judgment debtor's vehicle, only to later find a judgment lien is on the vehicle's title but not in the database. This scenario makes the Judgment Lien Database unreliable for judgment lienholders and the public at large.

> ### iii. *The Creditor could unlawfully circumvent the Debtors statutory right to claim exemptions in her vehicle.*

With its judgment lien on the face of the vehicle's title, the Creditor could repossess and sell the car like a secured party. In doing so, it would get paid without Debtor having the opportunity to claim exemptions in the vehicle as she would be statutorily entitled to claim if Creditor levied and sold the vehicle like it may do as an unsecured judgment creditor with a Writ of Execution. A judgment creditor, with or without a judgment lien, is entitled to levy on a judgment debtor's vehicle to collect an unpaid judgment. *See* Fla. Stat. §55.205(1). When such levy occurs, the judgment debtor is very clearly entitled to file a claim of exemption in the vehicle to protect a certain amount of equity from being taken. *See* Fla. Stat. §222.061(1). In contrast, when a car is repossessed by a secured party, no such claim of exemption rights are triggered. *See id.*, and generally Part VI, Ch. 679, Fla. Stat. As such, in seeking to be treated like

a secured party by having its judgment lien noted on the vehicle's title, Creditor can unlawfully circumvent both the Judgment Lien Statutes and Florida's claim of exemption provisions.

Given that the Judgment Lien Statutes provide the sole statutory framework for judgment lien perfection and priority, which clearly does not authorize judgment liens to be placed on a judgment debtor's vehicle's certificate of title, and which does not envision permanence of a judgment lien, it follows that the Creditor is not entitled to have its judgment lien placed on the vehicle's title.

C. Nothing in Florida Statute section 319.27 entitles the Creditor to have its judgment lien placed on the face of the certificate of title to the Debtor's vehicle.

Notwithstanding the fact it currently holds a Judgment Lien Certificate perfecting its judgment lien on Debtor's vehicle, the Creditor asks this Court to note its judgment lien on the certificate of title citing reliance on Florida Statute section 319.27. *See* D.E. 29 at ¶ 3. The Creditor's argument is without merit. In a case similar to this, where the Debtor's car had been levied prior to the bankruptcy filing, the court explained that Fla. Stat. 319.27 "does not require a judgment creditor to record its judgment lien on a vehicle's certificate of title . . . [and] does not provide for the recording of judgment liens on the face of the title certificate of a motor vehicle." *In re Davis*, No. 3:14-bk-5069-PMG, at 5 (Bankr. M.D. Fla. January 12, 2015) (citing *Johnson v. Livingston*, 65 So. 2d 744 (Fla. 1953)) (other internal citations omitted).

Moreover, Section 319.27 does not authorize a judgment lien to be noted on the face of a vehicle's title. Instead, section 319.27 lists holders of certain lien-types who *are* allowed to file a notice of lien to get their liens placed on the title. The Creditor's judgment lien is not on the list. Regardless, the Judgment Lien Statutes were enacted later in time and are more specific than the provisions in section 319.27 upon which Creditor relies. Thus, coupled with the fact the

Judgment Lien Statutes were created to provide the sole statutory framework for perfecting and prioritizing judgment liens on motor vehicles, it is clear section 319.27 does not convey any entitlement for the Creditor to have its judgment lien placed on the title to the Debtor's vehicle.

     i.    *Florida Statute section 319.27 specifically omits judgment liens from the list of liens for which it provides a procedure to place a lien on a certificate of title.*

Section 319.27(6) states, "[t]he person described in (3)(a) [which does not describe Creditor's type of lien] and *the holder of a security agreement, retain title contract, conditional bill of sale, chattel mortgage, or other similar instrument* covering a motor vehicle or mobile home, upon presentation of the Florida certificate of title, together with a sworn notice of lien on a form to be provided by the department, *may have such lien noted on the face of the certificate of title*. The notice of lien shall provide the following information . . . ." Fla. Stat. §319.27(6) (emphasis added). Neither an execution lienor nor a judgment lien certificate holder is included in this list. The legislature specifically omitted the Creditor's type of lien, a judgment lien, from the list of liens for which it authorized a procedure for gaining placement on a vehicle's title. As such, Florida Statute section 319.27 does not authorize the lower court to order the DMV to add the Creditor's judgment lien to the face of the title to the Debtor's vehicle.

The court in *Gerard Services, Inc. v. Manuel A. Perez and Lilia Perez*, held that section 319.27 "does not provide this Court with authority to order the [DMV] to impose a judgment lien on the certificate of title to a vehicle." *Gerard Services, Inc. v. Manuel A. Perez and Lilia Perez*, 19 Fla. L. Weekly Supp. 885a (18th Fla. Cir. Ct., July 9, 2012), a copy of which is attached as Exhibit C. In *Gerard*, the court found that "[r]ather than authorizing the [DMV] to function as a repository for judgment liens, §319.27(1), Fla. Stat., limits the recording by the department to only specific liens. With a limited and inapplicable exception, that provision states that, 'the

department shall not be a recording office for liens on motor vehicles or mobile homes.'" *Id.* The *Gerard* court further reasoned that because section 319.27, Florida Statutes, provides a procedure for recording a number of security interests, but, in contrast, does not provide a procedure for the recording of judgment liens on a motor vehicle, "the omission suggests that the statute does not contemplate the recording of a judgment lien on the title to a motor vehicle." *Id.*[5]

Given that the procedures for lien creation, perfection and priority among judgment creditors is clearly and exclusively governed by Florida's Judgment Lien Statutes, and with motor vehicles falling clearly within the statutes' purview, it is clear that the language of section 319.27, Florida Statutes, which fails to offer any procedure for perfecting judgment liens on motor vehicles, does not give the Court authority to grant the Creditor's request to impose its judgment lien on the Debtor's motor vehicle title.

## CONCLUSION

The Debtor respectfully requests the Court deny the Creditor's request to have its lien recorded on the title to the Debtor's vehicle as a condition to denying stay relief because such relief is not authorized nor permitted by Florida law, deny stay relief because the only ground cited for such relief is that the car is not necessary to an effective reorganization which is belied by the fact that the Debtor's sole reason for converting to Chapter 13 is to save the Debtor's car and the Creditor will be provided adequate protection in the Chapter 13 plan.

---

[5] Citing to the maxim of statutory construction, *expression unius est exclusion alterius*.

Respectfully submitted,
LEGAL SERVICES OF GREATER MIAMI, INC.
_____ /s/ _____
Jacqueline C. Ledon
Florida Bar No.: 0022719
Attorney for Debtor
Address: 4343 West Flagler Street, Suite 100,
Miami, FL 33134
Telephone/Facsimile: (305) 438-2401
Email:            jledon@legalservicesmiami.org;
crodriguez@legalservicesmiami.org

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of the foregoing was sent on August 15, 2018, to:

Jeffrey R. Becker, Esq. and Michael Frank, Esq. on behalf of Creditor Dodge Enterprises, Inc.
c/o Hiday & Ricke, P.A. jbecker@hidayricke.com, bwheeler@hidayricke.com,
mfrank@bkclawmiami.com

Chapter 7 Trustee, Drew M Dillworth
ddillworth@swmwas.com, ddillworth@ecf.epiqsystems.com;marocha@stearnsweaver.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

E
X
H
I
B
I
T


A

**EXHIBIT A**

**STATE OF FLORIDA**

DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES – DIVISION OF MOTORIST SERVICES

**SUBMIT THIS FORM TO YOUR LOCAL TAX COLLECTOR OFFICE**

# POWER OF ATTORNEY FOR A MOTOR VEHICLE, MOBILE HOME OR VESSEL

August 14, 2018
<div style="margin-left:2em">(Date)</div>

I/We hereby name and appoint, <u>Heidi Jean Walton</u>, to be my/our
<div style="margin-left:8em">(Full Legibly Printed Name is Required)</div>

lawful attorney-in-fact, to act for me/us, in applying for an original or duplicate certificate of title, to register, transfer title, or record a lien to the motor vehicle, mobile home or vessel described below, and to print my/our name and sign their name, in my/our behalf.  My attorney-in-fact can also do all things necessary to the application or any other related instrument and to bind me/us in as sufficient a manner as I/we myself/ourselves could do, were I/we personally present and signing the same.

With full power of substitution and revocation, I/we hereby ratify and confirm whatever my/our said attorney-in-fact may lawfully do or cause to be done in the virtue hereof.

**CHECK ONE:**    ☑ Motor Vehicle    ☐ Mobile Home    ☐ Vessel

| Year | Make/Manufacturer | Body Type | Title Number |
|---|---|---|---|
| 2008 | Hummer | Utility Vehicl | 100368397 |

| Vehicle/Vessel Identification Number |
|---|
| 5GTEN13E988183795 |

### NOTICE TO OWNER(S):  COMPLETE THIS FORM IN ITS ENTIRETY PRIOR TO SIGNING.

UNDER PENALTIES OF PERJURY, I/WE DECLARE THAT I/WE HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

| | |
|---|---|
| (Signature of Owner "Grantor") | (Legibly Printed Name of Owner "Grantor") |
| (Driver License, Identification Card or FEID Number for Owner) | (Date of Birth for Owner, if applicable) |
| (Owner's Address ) | (City)      (State)      (Zip) |
| (Signature of Co-Owner "Grantor," if applicable) | (Legibly Printed Name of Co-Owner "Grantor," if applicable) |
| (Driver License, Identification Card or FEID Number for Co-Owner) | (Date of Birth for Co-Owner, if applicable) |
| (Co-Owner's Address) | (City)      (State)      (Zip) |

This non-secure power of attorney form may be used when an individual or entity appointed as the attorney-in-fact will be completing the odometer disclosure statement as the buyer only or the seller only.  However, this form cannot be used to allow an individual or entity (such as a dealership) to sign as both buyer and seller for the purpose of disclosing the odometer reading.  This may be accomplished only with the secure power of attorney (HSMV 82995) when:

(a)     the title is physically being held by the lienholder; or

(b)     the title is lost.

NOTE:  A licensed dealer and his/her employees are considered a single entity.

Check your local phone book government pages or visit the following website for current mailing addresses:

HSMV 82053 (Rev. 12/11) S

**STATE OF FLORIDA**
DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES
**DIVISION OF MOTOR VEHICLES**
Neil Kirkman Building - Tallahassee, FL 32399-0610

## APPLICATION FOR NOTICE OF LIEN / REASSIGNMENT OF LIEN OR
## NOTICE TO FIRST LIENHOLDER OF SUBSEQUENT LIEN

SECTIONS 1 AND 2 SHOULD BE COMPLETED IF ADDING AN ORIGINAL LIEN.      ☑ **MOTOR VEHICLE**    ☐ **MOBILE HOME**
SECTIONS 1 AND 3 SHOULD BE COMPLETED IF REASSIGNING A LIEN.
SECTIONS 1, 2 AND 4 SHOULD BE COMPLETED IF ADDING A SUBSEQUENT LIEN.    ☐ **OFF-HWY VEHICLE**  ☐ **VESSEL**

### 1    MOTOR VEHICLE, MOBILE HOME, OFF-HIGHWAY VEHICLE OR VESSEL

**DESCRIPTION**

| IDENTIFICATION NUMBER | | | | VESSEL REGISTRATION NUMBER | |
|---|---|---|---|---|---|
| 5GTEN13E988183795 | | | | | |

| MAKE/MANUFACTURER | YEAR | MODEL | | WT.-LGTH.-BHP |
|---|---|---|---|---|
| Hummer | 2008 | H3 | | |

| COLOR | TYPE | | USE | |
|---|---|---|---|---|
| Black | Utility Vehicle | | Personal | |

| CERTIFICATE OF TITLE NUMBER | PREVIOUS ISSUE DATE | LICENSE PLATE NUMBER |
|---|---|---|
| 100368397 | 08/03/11 | VIOLETE |

### 2    NOTICE OF LIEN
**LIENHOLDER INFORMATION**

| DATE OF LIEN | ☑ FEID # ☐ DL # AND SEX AND DATE OF BIRTH ☐ DMV ACCOUNT # | LIENHOLDER NAME |
|---|---|---|
| 08/14/18 | 59-3421313 | Dodge Enterprises, Inc., C/O Hiday & Ricke, P.A. |

| LIENHOLDER ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|
| PO Box 550858 | Jacksonville | FL | 32255 |

☐ Electronic title and lien participant (Electronic title only).

☐ If the lienholder authorizes the department to send title to the owner, _____
check box and countersign. (DOES NOT APPLY TO VESSELS)      Signature of Lienholder's Representative

One of the following boxes <u>must be</u> checked.

☐    A security agreement, retain title contract, conditional bill of sale, chattel mortgage or other similar instrument was executed <u>prior</u> to the filing of this notice of lien.

☑    This notice of lien is being filed <u>before</u> a security agreement, retain title contract, conditional bill of sale, chattel mortgage or other similar instrument is being executed.

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING  Date 08/14/18 _____
DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

_____       _____
Signature of Registered Owner            Signature of Registered Co-Owner

_____       _____
Street Address (Owner)               Street Address (Co-Owner)

City       State    Zip Code     City       State    Zip Code

### 3    APPLICATION FOR REASSIGNMENT OF LIEN

The undersigned hereby represents that they are the assignee of that certain ☐ first or ☐ second lien dated the _____ day

of (Month/Year)_____, covering the motor vehicle, mobile home, off-highway vehicle or vessel described in section

one of this form and request that the Florida Certificate of Title, which was issued on (Month/Day/Year) _____,

be re-issued to show such lien as now being held by the undersigned applicant and represents that on this date there is a balance as principal still due and unpaid.

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

_____  By _____  _____
Name of Assignee  (New Lienholder)           Signature of Lienholder's Representative

                   Title _____

Address _____  City _____ State _____ Zip Code _____
UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

_____  By _____  _____
Name of Assignor (Lienholder currently shown on Title)      Signature of Lienholder's Representative

                   Title _____

HSMV 82139  (Rev. 04/08) S        www.flhsmv.gov

| 4 | NOTICE TO FIRST LIENHOLDER OF SUBSEQUENT LIEN |
|---|---|

Date _____

To:_____
First Lienholder

Address:_____

City and State:_____ Zip Code _____

You are the first lienholder on Title Number _____ covering the motor vehicle, mobile home, off-highway vehicle or vessel described on the reverse of this form, which is recorded in the office of the DIVISION OF MOTOR VEHICLES in Tallahassee, Florida. **FLORIDA STATUTES REQUIRE THE FIRST LIENHOLDER TO SUBMIT THE CERTIFICATE OF TITLE TO THE DIVISION OF MOTOR VEHICLES WITHIN TEN (10) DAYS AFTER RECEIPT OF THIS NOTICE, UNLESS THE DMV DATABASE REFLECTS AN ELECTRONIC TITLE.** This is to advise you that I have this date placed an additional lien on the above described motor vehicle, vessel, off-highway vehicle or mobile home with:

_____
Name of Subsequent Lienholder

_____
Address

_____
City                                              State                                        Zip Code

Please forward the above mentioned Certificate of Title with this request attached, if applicable, to the DIVISION OF MOTOR VEHICLES, at Tallahassee, Florida, for the purpose of recording the subsequent lien thereon. When the subsequent lien is recorded, the Division of Motor Vehicles will mail a Certificate of Title to you, if applicable, as first lienholder.

**UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.**

Signed: _____    _____
                         Signature of Owner                                    Signature of Co-Owner

Name: _____    _____
                         Print or Type                                              Print or Type

**INSTRUCTIONS WHEN USING SECTION 4 OF THIS FORM:**
Prepare in duplicate and send a copy of this form by registered or certified mail with the returned receipt requested to the first lienholder, as shown on the DMV database record. Submit the original copy of the form to a county tax collector's office with the return receipt signed by the first lienholder and the lien recording fee provided by section 328.14(6), Florida Statutes, for vessels, by section 319.32(1) and (2)(a), Florida Statutes, for motor vehicles and mobile homes and sections 317.0006(5)(a), & 317.0007(1), Florida Statutes, for off-highway vehicles.

**Notice to the First Lienholder:** If you fail, neglect, or refuse to forward the certificate of title to the department within 10 days from the date of the owner's request, the department, on the written request of the subsequent lienholder or an assignee thereof, shall make written demand on you for the return of such certificate of title for the notation of the second or subsequent lien or encumbrance.

THIS FORM IS A COMBINATION OF FORMS HSMV 82139, HSMV 82140, HSMV 82365 AND HSMV 87004.

**HSMV 82139 (Rev. 04/08) S**                    *www.flhsmv.gov*

E
X
H
I
B
I
T

B

**EXHIBIT B**

# ELECTRONIC JUDGMENT LIEN CERTIFICATE

FOR PURPOSES OF FILING A JUDGMENT LIEN, THE FOLLOWING INFORMATION IS SUBMITTED IN ACCORDANCE WITH s. 55.203, F.S..

**JUDGMENT DEBTOR (DEFENDANT) NAME(S) AS SHOWN ON JUDGMENT LIEN:**

SAINT VIL,  VIOLET
6230 NE MIAMI PLACE
MIAMI, FL. 33138

J17000606766
**FILED**

**Nov 03, 2017 08:00 A.M.**
**Secretary of State**
MHCAIN

**JUDGMENT CREDITOR (PLAINTIFF) NAME AS SHOWN ON JUDGMENT LIEN OR CURRENT OWNER OF JUDGMENT IF ASSIGNED:**

DODGE ENTERPRISES, INC. C/O HIDAY & RICKE PA
P.O. BOX 550858
JACKSONVILLE, FL 32225
DOS DOCUMENT#: P96000095556

NAME AND ADDRESS TO WHOM ACKNOWLEDGMENT/CERTIFICATION IS TO BE MAILED:

JEFFREY BECKER
PMONROE@HIDAYRICKE.COM

AMOUNT DUE ON MONEY JUDGMENT: 11,323.72
APPLICABLE INTEREST RATE: 9.00%
NAME OF COURT: DADE
CASE NUMBER: 05-23771-CC23
DATE OF ENTRY: 09/09/06
WAS A WRIT OF EXECUTION DOCKETED ON THIS JUDGMENT LIEN WITH ANY SHERIFF PRIOR TO OCTOBER 1, 2001?
   ( ) YES  (IF YES, A "CREDITOR AFFIDAVIT CERTIFICATION" FORM MUST BE ATTACHED TO THIS CERTIFICATE.)
   (X) NO

UNDER PENALTY OF PERJURY, I hereby certify that: **(1)** The judgment above described has become final and there is no stay of the judgment or its enforcement in effect; **(2)** All of the information set forth above is true, correct, current and complete; **(3)** I have not previously filed a Judgment Lien Certificate regarding the above judgment with the Department of State; and, **(4)** I have complied with all applicable laws in submitting this Electronic Judgment Lien Certificate for filing.

Electronic Signature of Creditor or Authorized Representative: JEFFREY BECKER

E
X
H
I
B
I
T

C

**EXHIBIT C**

Case 18-17589-AJC   Doc 34   Filed 08/15/18   Page 19 of 21

8/15/2018      GERARD SERVICES, INC., Plaintiff, vs. MANUEL A. PEREZ and LILIA PEREZ, Defendants County Court, 18th Judicial Circuit in and fo...

**19 Fla. L. Weekly Supp. 885a**

**Online Reference: FLWSUPP 1910GERA**

Liens -- Judgment lien -- Motor vehicle -- Court does not have authority to direct Department of Highway Safety and Motor Vehicles to record judgment lien on title of debtor's motor vehicle

GERARD SERVICES, INC., Plaintiff, vs. MANUEL A. PEREZ and LILIA PEREZ, Defendants County Court, 18th Judicial Circuit in and for Brevard County. Case No. 05-2009-CC-031000. July 9, 2012. David E. Silverman, Judge. Counsel: Jeffrey Becker, for Plaintiff.

ORDER DENYING MOTION TO IMPOSE

LIEN ON MOTOR VEHICLE TITLE

This cause coming before this Court on June 19, 2012 on the *Motion to Perfect Judgment Lien Under Supplementary Proceedings* filed by the and the Court having been advised in the premises, the Court hereby finds as a matter of fact and concludes as a matter of law, as follows.

The plaintiff, a judgment creditor, seeks an order directing that a judgment lien be recorded on the title to the defendant's motor vehicle, purportedly pursuant to §319.27, Fla.Stat. However, that section appears to authorize only the recording of, "liens and encumbrances intended to operate as a mortgage," and does *not* provide for, "the recording of judgments obtained against the owner of the automobile." *Johnson v. Livingston*, 65 So.2d 744, 746 (Fla. 1953). Notwithstanding the passage of more than a half-century since *Johnson* was decided, it has never been overruled or limited by subsequent case law and is cited as being the prevailing law of the state in FL Jur. 2d, *Automobiles & Other Vehicles* §125, *Generally* (2011). The current statute does not provide this Court with authority to order the Florida Department of Highway Safety and Motor Vehicles to impose a judgment lien on the certificate of title to a vehicle. Rather than authorizing the Department of Highway Safety and Motor Vehicles to function as a repository for judgment liens, §319.27(1), Fla.Stat., limits the recording by the department to only specific liens. With a limited and inapplicable exception, that provision states that, "the department shall not be a recording office for liens on motor vehicles or mobile homes."

In particular, §319.27(2) does not authorize the department's recording of a creditor's judgment lien on the certificate of title to the vehicle. Rather than directing the recording of such a lien, that provision, as amended by *Laws of Florida 2005, s. 2005-241, §18, eff. June 17, 2005*, provides that the interest of a "lien creditor" if nonpossessory, "shall not be enforceable against creditors or subsequent purchasers for a valuable consideration unless such interest becomes a possessory lien or is noted upon the certificate of title." "Lien creditor" is defined in §679.1021(1)(zz), Fla.Stat., as a creditor that has, "acquired a lien on the property involved by attachment, levy, judgment lien certificate, or the like." Clearly, neither attachment, nor levy, nor judgment lien certificate applies in this case. According to §55.202 (2)(a), Fla.Stat., a "judgment lien certificate" is a document filed, "in accordance with s. 55.203 with the Department of State," and bearing a, "filing number as shown in the records of the Department of State." §55.203(1)(a), Fla.Stat. It is undisputed that no judgment lien certificate has been filed with the Department of State in the instant case and that the plaintiff did not file any notice of lien as described in §319.27(2), Fla. Stat., with the Department of Highway Safety and Motor Vehicles prior to filing its *Motion to Perfect Judgment Lien Under Supplementary Proceedings.*

§319.27(4)(a) provides a detailed procedure for recording on a motor vehicle title a, "lien for purchase money or as security for a debt in the form of a security agreement, retain title contract, conditional bill of sale, chattel mortgage, or other similar instrument. . ." Such a lien may be recorded upon compliance with the technical requirements of §319.27(4)(a) and payment of the fee provided in §319.32, Fla.Stat. In contrast, there is no procedure for the recording of a judgment lien on a motor vehicle title and no fee requirement. The legislature enacted only the procedure for recording of a security interest lien and omitted the procedure for recording a judgment lien -- as well as any fee requirement. Under these circumstances the omission suggests that the statute does not contemplate the recording of a judgment lien on the title to a motor vehicle.[1]

The Florida Department of Highway Safety and Motor Vehicles departmental procedures support the contention that the Court is without authority to require that a judgment lien be recorded on the certificate of title. The comprehensive internal procedure used by the department to address liens is designated, *Fla. Dept. Highway Safety and Motor Vehicles Procedure* TL-32. It sets forth instructions for department employees regarding when liens may properly be recorded on the certificate of title. Prior to July, 2009, TL-32 addressed judgment liens and was, in fact, titled *Notice of Lien, Subsequent Lien, Lien Actions and Judgment Liens.* That procedure was revised in July, 2009 and was retitled as *Notice of Lien, Subsequent Lien, Lien Actions and Court Orders.* According to TL-32, the July, 2009 revision omits any procedure for recording judgment liens and appears to acknowledge the absence of the department's authority to impose a lien on the certificate of title as a result of a money judgment. The revised TL-32, describes the purpose of the revision as follows:

"***Revision(s) to this procedure: Revised entire procedure. Removed all reference to Judgment Liens*. . .**" [Bold and italics in original]. TL-32, p.1.

In contrast to the recording requested by the plaintiff, a judgment lien against the vehicle may properly be acquired by levy. However, the levy against a motor vehicle would be subject to the exemption set forth in §222.25(1), Fla.Stat., which provides that the debtor's interest in "a single motor vehicle" would be exempt, "not to exceed $1,000 in value," exclusive of the exemption of up to $4,000 in personal property set forth in §222.25(4). *See*, *In Re Hafner*, 383 B.R. 350 (N.D. Fla. 2008) [21 Fla. L. Weekly Fed. B229a], discussing whether the foregoing exemptions may be combined for a total exemption of $5,000 on a single vehicle. The plaintiff may not circumvent the debtor's right to claim the exemption by merely causing a lien to be imposed on the title to the vehicle.

An ownership interest in a motor vehicle may be conveyed by repossession of the vehicle, as the certificate of title is merely evidence of that ownership. *In Re Kalter*, 292 F.3d 1350 (11th Cir., 2002) [15 Fla. L. Weekly Fed. C632a] discussed the limited function of the certificate of title in the course of addressing debtors' claims that repossessed vehicles should be included in their bankruptcy estates where the certificates of title still reflected the debtors' ownership. The *Kalter* Court upheld the proposition that the repossessed vehicles were not part of the bankruptcy estate, as the certificate of title was not determinative of ownership.

"Not only is a certificate of title unnecessary to establish ownership, but Chapter 319 explicitly recognizes repossession as a transfer of ownership.

. . .

Moreover, Florida case law holds that a certificate of title is merely evidence of, and is not a requirement of, establishing ownership; thus, the fact that the Creditors in these cases had not yet obtained certificates of title or certificates of repossession is insignificant." Footnotes omitted]. 292 F.3d at 1360.

The plaintiff's memorandum cites several cases purporting to support its position, however, none of the cases involve a judgment lien recorded by the Department of Highway Safety and Motor Vehicles on a certificate of title. None of these cases support the proposition that the Court is authorized to order such recording and to the extent these authorities are applicable at all, they are contrary to the plaintiff's position.[2]

For example, in *Sun First Nat. Bank of Orlando v. Miller*, 397 So.2d 943 (Fla.App. 5 Dist., 1981) the appellant obtained an interest in the vehicle by virtue of a security agreement -- not a judgment -- which was not perfected until after a tax warrant was issued. Although the case involved a statutory lien under §212.15(3), Fla.Stat., rather than a judgment lien, this case arguably supports the proposition that a judgment lien is imposed by levy as the Department of Revenue's tax lien was perfected by that means. In *Sun First Nat. Bank of Orlando*, pursuant to instructions to levy delivered to the Sheriff of Orange County by the Department of Revenue, the Sheriff seized two vehicles. The appellate Court held that the Department of Revenue, "acquired a statutory lien on the vehicles. . . when it filed a tax warrant with the clerk of the circuit court and delivered a writ of execution to the sheriff." 397 So.2d at 944. In contrast to *Sun First Nat. Bank of Orlando*, the instant case involves neither instructions for levy, nor a security agreement, nor a statutory tax lien. The holding of *Sun First Nat. Bank of Orlando* cannot be stretched to authorize a Court's requiring the recording by the Department of Highway Safety and Motor Vehicles of a creditor's judgment lien on a motor vehicle title.

The issue addressed in *Sun First Nat. Bank of Orlando v. Miller* is similar to the question posed by the Attorney General's Opinion in *Op. Att'y Gen. Fla.* 1976-119, asking,

"Does a federal tax lien on a motor vehicle, filed in the office of the clerk of the circuit court pursuant to Section 28.222, F.S., have priority over a security interest in said motor vehicle subsequently filed by a third party with the Department of Highway Safety and Motor Vehicles?" *Att'y Gen. Fla.* 1976-119, p. 1.

The Attorney General's opinion actually supports the proposition that judgment liens are not properly recorded by with the Department of Highway Safety and Motor Vehicles as it reiterated that,

"The Department of Highway Safety and Motor Vehicles is not authorized to act as a recording office for liens generally (s. 319.27(1), F.S., with certain exceptions not here material, specifically states that the department shall not be a recording office for liens on motor vehicles), but is required to record upon the face of the certificates of title certain types of liens. Section 319.24, F.S. These liens include purchase money liens, retain title contracts, conditional bills of sale, chattel mortgages, and 'other similar instrument[s].' " *Att'y Gen. Fla.* 1976-119, p. 6.

In language that could be equally applied to the judgment lien in the instant case, the Attorney General's Opinion distinguished a federal tax lien from the enumerated recordable liens, stating that the federal tax lien, "is not a consensual transaction evidenced by an instrument involving consideration (generally in the form of financing) to the vehicle owner who grants the security interest." *Att'y Gen. Fla.* 1976-119, p. 6-7. As with a judgment lien, the federal tax lien, "is imposed upon the vehicle owner without specific consideration and without consent." *Att'y Gen. Fla.* 1976-119, p. 7. Consistent with the reasoning of the Attorney General Opinion, a judgment lien may not properly be recorded by the Department of Highway Safety and Motor Vehicles on the certificate of title.

*In Re Carrens*, 198 B.R. 999 (Bankr.M.D.Fla., 1996), also held that recording a federal tax lien on a certificate of title was not a condition to the validity or priority of the federal tax lien. The debtors in *Carrens* sought to avoid the effect of a federal tax lien asserting that the lien was not perfected because it was not recorded under *§319.27(2), Fla.Stat.*, which provides that, "a statutory nonpossessory lien on motor vehicles titled in Florida must be noted upon the certificates of title." 198 B.R. at 1003. It was undisputed that, "the United States filed its Notice of Lien only with the Clerk of the Circuit Court of Hillsborough County," and not with the Department of Motor Vehicles. 198 B.R. at 1003, *Carrens*, relying upon *§713.901, Fla. Stat,* Florida's Uniform Federal Lien Registration Act, held that the lien of the United States was, "perfected and enforceable," because, "the notice of lien was filed with the Clerk of the Circuit Court of Hillsborough County." 198 B.R. at 1003. *Carrens* did not, of course, address a judgment creditor's lien, and to the extent that it may be relevant, it neither authorized nor required the recording of the federal tax lien by the Department of Highway Safety and Motor Vehicles.

Unlike the foregoing cases cited by the plaintiff, *Georgia-Pacific Corp. v. Consolidated Suppliers, Inc.*, 332 So.2d 368 (Fla.App. 1 Dist., 1976), and *Bank of Hawthorne v. Shepherd*, 330 So.2d 75 (Fla.App. 1 Dist., 1976),[3] actually involved a money judgment entered in favor of a creditor. However, in neither case was the judgment recorded by the Department of Highway Safety and Motor Vehicles on a certificate of title and in neither case did the Court consider the propriety of the departmental recording of the judgment. For example, in *Georgia-Pacific Corp* the judgment for money damages totaling $31,827.68 against the titled owner, "was recorded in Volume 3882, Pages 526 and 527, Official Records of Duval County, Florida." 332 So.2d at 369. The Court held that liens resulting from 'Notices of Lien' filed with the Department of Highway Safety and Motor Vehicles by lienors to protect their security interests prior to the recording of the judgment by the clerk, "are superior in force and dignity to the plaintiff's judgment lien." 332 So.2d at 371. *Georgia-Pacific Corp.* compared the priority of a clerk-filed judgment lien with a DHSMV-filed security interest lien; it did not address the authority of the Court to direct the recording of a judgment lien by the Department of Highway Safety and Motor Vehicles.

In the absence of any specific statute or case law authorizing the Court to direct the Department of Highway Safety and Motor Vehicles to record a judgment lien on the certificate of title, the plaintiff relies upon the general provisions of §56.29, Fla.Stat. The supplementary proceedings statute provides the Court with authority to conduct an inquiry of the debtor and to subject the debtor's property to levy, regardless of whether the property was titled to or in the possession of a third party, or whether it had been fraudulently conveyed, covered up, or concealed. *Ryan's Furniture Exchange v. McNair, 162 So. 483 (Fla., 1935); State ex rel. Phoenix Tax Title Corporation v. Viney, 163 So. 57 (Fla., 1935).* Supplementary proceedings are, "a creature of statute to aid judgment creditor in discovering assets of debtor which might be appropriated to satisfy judgment." *Conrad v. McMechen,* 338 So.2d 1306 (Fla.App. 4 Dist., 1976), Rather than creating new substantive rights, supplementary proceedings facilitate the plaintiff's collection against the defendant's property by, "following up the steps of the law, and consummating his judgment by an execution and levy." *Young v. McKenzie, 46 So.2d 184, 185 (Fla., 1950)* quoting, *Massey v. Pineapple Orange Co.,* 100 So. 170, 180 (Fla., 1924). No case to which the Court has been directed

Case 18-17589-AJC Doc 34 Filed 08/15/18 Page 21 of 21

8/15/2018          GERARD SERVICES, INC., Plaintiff, vs. MANUEL A. PEREZ and LILIA PEREZ, Defendants County Court, 18th Judicial Circuit in and fo...

and none the Court has found has interpreted the language of §56.29, Fla.Stat., as authority to direct the Department of Highway Safety and Motor Vehicles to record a judgment lien on the certificate of title to a motor vehicle.

It is hereby ORDERED and ADJUDGED that the said *Motion to Perfect Judgment Lien Under Supplementary Proceedings* is and the same shall be denied.

---

[1]This conclusion is consistent with the maxim of statutory construction, *expressio unius est exclusio alterius.*

[2]The plaintiff cited *Sun First Nat. Bank of Orlando v. Miller*, 397 So.2d 943 (Fla.App. 5 Dist., 1981), *In re Carrens*, 198 B.R. 999 (Bankr.M.D.Fla., 1996), *Georgia-Pacific Corp. v. Consolidated Suppliers, Inc.*, 332 So.2d 368 (Fla.App. 1 Dist., 1976), and *Bank of Hawthorne v. Shepherd*, 330 So.2d 75 (Fla.App. 1 Dist., 1976), as well as the Florida Attorney General's Opinion in *Op. Att'y Gen. Fla.* 1976-119.

[3]*In Re Kaufman*, 41 B.R. 972 (Bankr.S.D.Fla., 1984) declined to follow *Bank of Hawthorne* and held that perfection of the nonpurchase money security interest lien occurred, "on the date that [the] application was received at the county tag agency," rather than the date of its filing with the department. 41 B.R. at 972.

\* \* \*